UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ALBERTO MORETA,

              Defendant.

19-cr-307 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    The first trial of Alberto Moreta in this matter ended in a mistrial after the jury was unable to reach a unanimous verdict. With a retrial scheduled for Wednesday of this week, the government now moves *in limine* to enforce the stipulations executed by the parties in connection with the initial trial. (ECF No. 143, at 24). The motion is in response to Moreta's stated intention to retract two of the previously agreed upon stipulations. Each stipulation sets forth the results of tests performed by Drug Enforcement Administration ("DEA") chemists on drugs found in the back seat of Moreta's car and in a nearby apartment.

    The starting point of the Court's analysis is straightforward: "[s]tipulations, like admissions in the pleadings, are generally binding on the parties and the court." *United States v. Kanu*, 695 F.3d 74, 78 (D.C. Cir. 2012). This principle applies in both civil suits, *see, e.g., Fisher v. First Stamford Bank & Trust*, 751 F.2d 519, 523 (2d Cir. 1984) ("[A] stipulation of fact that is fairly entered into is controlling on the parties and the court is bound to enforce it."), and criminal prosecutions. *See, e.g., United States v. Wingate*, 128 F.3d 1157, 1160 (7th Cir. 1997) (upholding the district court's decision to bind the defendant on retrial to a stipulation made during first trial).

    The binding nature of stipulations "serve[s] both judicial economy and the convenience of the parties." *CDN Inc. v. Kapes*, 197 F.3d 1256, 1258 (9th Cir. 1999). "Allowing parties to easily set aside or modify stipulations would defeat this purpose, wasting judicial resources and undermining future confidence in such agreements." *Waldorf v. Shuta*, 142 F.3d 601, 616 (3d Cir. 1998). Nonetheless, a court has discretion to permit a party to withdraw a stipulation in only very narrow circumstances, such as where there has been "inadvertence or a mistake as to the law or facts of the case," *Wingate*, 128 F.3d at 1161, or "whenever necessary to prevent manifest injustice." *Wheeler v. John Deere Co.*, 935 F.2d 1090, 1098 (10th Cir. 1991). To determine whether there is manifest injustice, a court considers "1) the effect of the stipulation on the party seeking to withdraw the stipulation; 2) the effect on the other parties to the litigation; 3) the occurrence of intervening events since the parties agreed to the stipulation; and 4)

whether evidence contrary to the stipulation is substantial." *Waldorf*, 142 F.3d at 617–18 (citations omitted). Similarly, a court may relieve a party of a stipulation if it finds "good reason" to do so without "unfairly prejudic[ing] the opposing party or the interests of justice." *Am. Honda Motor Co. v. Richard Lundgren, Inc.*, 314 F.3d 17, 21 (1st Cir. 2002).

Here, the Court declines to permit Moreta to withdraw the two stipulations in question because it finds neither manifest injustice nor good reason to do so. First, Moreta does not argue that the challenged stipulations contain a mistake of law or fact. *See Wingate*, 128 F.3d a 1161. Next, he does not make any allegation of relevant intervening events between the first and second trial, nor does he point to any evidence contrary to the stipulation. The defendant's sole proffered reason for seeking to withdraw the stipulations arises from the fact that the government called one of the DEA chemists who performed the drug analyses as a witness in the first trial and does not intend to do so in the second trial. (See ECF No. 148.) Quite simply, Moreta seeks to require the government to call the chemist as a witness in its case-in-chief in order to cross-examine her for no stated reason, thus prolonging the trial. The defendant seeks to withdraw the stipulations for its own tactical advantage rather than a valid substantive reason. While the parties certainly may change their trial tactics and strategies on retrial, this gives rise to neither manifest injustice nor good reason to withdraw a binding stipulation.

In sum, the Court finds no reason to exercise its discretion to permit Moreta to withdraw stipulations that the parties "entered into freely and fairly" in advance of the first trial. *Kohn v. American Metal Climax, Inc.*, 458 F.2d 255, 307 (3d Cir. 1972). Accordingly, the government's motion to enforce the two stipulations in question is granted.

Dated:  New York, New York
        October 18, 2021

                              SO ORDERED:

                              *[signature]*
                              _____
                              Sidney H. Stein, U.S.D.J.